

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3354 | **DATE** | 7/8/2004 |
| **CASE TITLE** | Franklin vs. City of Chicago Police, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. CPD and SBC's motion to dismiss are granted and Franklin's motion to join defendants is denied as moot. All pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEARLEAN FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 02 C 3354 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| CITY OF CHICAGO POLICE DEPARTMENT, | ) | |
| and SBC AMERITECH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUL 0 9 2004

MEMORANDUM OPINION AND ORDER

Plaintiff Jearlean Franklin ("Franklin") filed a pro se Complaint against the City of Chicago Police Department (the "CPD") and Illinois Bell Telephone Company d/b/a SBC Ameritech Illinois ("SBC") (originally misnamed as SBC Ameritech) on May 9, 2002.[1] Franklin alleges that the CPD harassed her through excessive surveillance and annoying telephone calls. She further contends that the CPD tapped her phone and that SBC did not take any action to prevent the wiretapping, in violation of 42 U.S.C. § 1983 ("§ 1983"); and the Federal Wiretap Act ("Wiretap Act"), 18 U.S.C. § 2511 ("§ 2511"). Franklin's Second Amended Complaint was accompanied by a motion to join Jay R. Hoffman and Matthew D. Tanner, her former attorneys, as defendants. In response, the CPD and SBC move to dismiss Franklin's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the Motions to Dismiss are granted and Franklin's motion to add additional defendants is denied.

BACKGROUND

According to Franklin's Complaint, the CPD harassed Franklin for years in an effort to cause her to suffer a nervous breakdown. Franklin received excessive phone calls, at all hours of

---

[1] Franklin erroneously includes et al. in the header of the Complaint but names no additional individuals or entities. Thus, the CPD and SBC are the only defendants.

the day, which regularly included obscene language and hard hang ups. At some point, Franklin discovered an object in her telephone that she believes is a recording device placed by the CPD in order to record her conversations. Franklin contacted SBC in an effort to cease the harassing telephone calls. Although SBC did send a representative to check on the matter, no further action was taken. To prevent further annoyance, Franklin terminated her telephone service with SBC and now uses a public pay phone to make all her calls.

Franklin also reports that she saw police cars outside her home and that the officers in those cars were watching her. This was done, apparently, in conjunction with the barrage of telephone calls in order to further cause Franklin to suffer a nervous breakdown. In her Complaint, Franklin also raises several unrelated issues regarding false arrest, eviction, and an altercation, however, very few details are given and no connection is established between her current action and those events.

## DISCUSSION

### I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In the Seventh Circuit, pro se complaints are to be liberally construed and not held to the stringent standards to be expected of pleadings drafted by lawyers. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Although pro se complaints are meant to be liberally construed, the court does not need to extend itself so far as to develop and research legal arguments for litigants proceeding without counsel. Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

III.  Section 1983 Claim

Franklin contends that the CPD harassed her by making excessive and annoying telephone calls. She further states that the CPD continually watched her from a car parked near her home. According to § 1983, "any person who, under color of any statute, ordinance, regulation, custom or usage, of any state who subjects, or causes to be subjected, any citizen of the United States to deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Section 1983 is subject to the doctrine of res judicata which provides state-court judgments with the same preclusive effect in federal court as they would have in state court. American National Bank & Trust Co., 636 F. Supp. 374, 377 (N.D. Ill, 1986). To constitute res judicata, the court looks at three things: 1) identity of parties or their privies in the two suits; 2) identity of causes of action in the prior and current suit; and 3) a final judgment on the merits in the prior suit. Lolling v. Patterson, 966 F.2d 230, 235 (7th Cir. 1992). Franklin previously asserted the same set of facts against the City in a case that was dismissed by the Judge Schiller of Cook County Circuit Court on October 10, 2001. Thus, because both suits had the same parties and the same claims and the first had a final judgment of dismissal, Franklin's claim against the CPD for violating  § 1983 is untenable.[2]

Franklin's assertions against SBC are equally without merit. SBC was not a party to and no allegations were made against them regarding participation in any of the harassing activities. In order to establish a § 1983 violation against a private entity, Franklin must establish that the state controls the actions of the private party or that the state delegated a public function to the

---

[2] Even if her claims were not barred by res judicata, Franklin failed to assert a § 1983 cause of action. Franklin fails to show that the harassing surveillance and telephone calls were caused by: 1) the enforcement of an express policy of the municipality; 2) a widespread practice which constitutes custom; or 3) a person who is a policy maker. Latuszkin v. City of Chicago, 250 F.3d 502, 504 (7th Cir. 2001).

3

private party. Payton v. Rush-Presbyterian, 184 F.3d 623, 628 (7th Cir. 1999). Franklin fails to assert any state connection or control over SBC's functions. Therefore, her § 1983 claim against SBC also fails.

III.  Section 2511 Claim

Franklin contends that the CPD are tapping her phones and that SBC is responsible for allowing such actions. According to § 2511 of the Wiretap Act, it is unlawful for any person to "intentionally intercept, endeavor to intercept or procure another to intercept any wire, oral or electronic communications." 18 U.S.C. § 2511. In the Seventh Circuit, municipalities are not "persons" covered by Wiretap Act and therefore they are not amenable to suits alleging violation of the Act. 18 U.S.C § 2510(6); Abbott v. Village of Winthrop Harbor, 205 F.3d 976, 980 (7th Cir. 2000). Accordingly, Franklin's allegations against the CPD are fruitless.

Furthermore, SBC's involvement in the alleged wiretapping never involved intentional interception, use, or disclosure of any communications. Instead, Franklin alleges that SBC did not prevent the CPD from tapping her telephone. However, this is insufficient to show that SBC violated the Wiretap Act. This court agrees with the conclusion of the District of New Jersey which held that a telephone service provider did not violate any Constitutional rights merely by providing services that facilitated the monitoring of telephone calls. PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 832 (D.N.J. 1993). Although there is limited case law in the Seventh Circuit regarding similar issues, the case of McClelland v. McGrath, 31 F. Supp. 2d 616, 618 (N.D. Ill 1988) impliedly supports the contention that SBC's activities did not violate § 2511. In that case, a police detective was granted summary judgment dismissing the counts alleging his involvement in tapping a kidnapper's telephone. Id. Although the detective knew about and reported on the wiretapping, he was not involved in the interception, use, or

disclosure of the telephone calls, which is required to violate § 2511.[3] Similarly, in this case, SBC was not involved in the interception, use, or disclosure of the telephone calls. Simply being informed by Franklin that the police were tapping her phone is not sufficient to show that SBC violated § 2511. In addition, the allegations against SBC do not satisfy the dual purposes of § 2511.

IV. Supplemental Jurisdiction

Franklin's Complaint asserts claims of negligence, false imprisonment and invasion of privacy under Illinois law. Having granted CPD and SBC's Motions to Dismiss the §1983 and § 2511 claims, there is no longer a federal claim pending before the court. Thus, this Court, in its discretion, declines to accept supplemental jurisdiction over Franklin's state law claims. See Vukadinovich v. Board of Sch. Trustees, 978 F.2d 403, 415 (7th Cir. 1992) ("It is well established that if federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well."); Vakharia v. Swedish Covenant Hosp., 987 F.Supp. 633, 643 (N.D. Ill. 1997) ("Ordinarily, if a court rules against a plaintiff on all federal claims short of trial the pending state law claims are dismissed without prejudice"), aff'd, 190 F.3d 799 (7th Cir. 1999). Accordingly, the Court dismisses the possible claims of negligence, false imprisonment, and invasion of privacy without prejudice.

---

[3] Although the telephone service provider was not a party to that case, the court intimated that they may have been liable because they were following direct instructions from the police to tap the telephone calls and therefore acting as a government agent. Mclelland, 31 F. Supp. 2d at 619. The current case is distinct because no allegation is made that SBC was following orders from the CPD to tap the phone.

5

## CONCLUSION

For the reasons set forth above, CPD and SBC's Motions to Dismiss are granted and Franklin's Motion to Join Defendants is denied as moot.

ENTER:

George M. Marovich
United States District Judge

DATED: July 7, 2004